NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2020
Decided December 28, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-3054

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
| *v.* | No. 1:15-CR-00715(1) |
| JACQUELINE TUANQUI, | Andrea R. Wood, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

A jury convicted Jacqueline Tuanqui of Medicare fraud, in part because she paid for patient referrals in violation of the Medicare Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(A), while operating a home-healthcare company. Tuanqui challenges the sufficiency of the evidence, arguing that no rational jury could have concluded that her fixed monthly payments to a recruiter constituted illegal per-patient referral fees. But the jury, in rendering a guilty verdict, was not required to find that Tuanqui made kickback payments on a per-patient basis. Because the government presented ample evidence that Tuanqui paid money for patient referrals, we affirm.

**I**

Tuanqui owned and operated a home-healthcare company, Hexagram Home Heath, LLC, from 2008 to 2015. Hexagram provided in-home care to patients and received $12.4 million—approximately 90% of its revenue—from Medicare claims. Tuanqui herself received approximately $1.4 million in checks from Hexagram and withdrew $800,000 in cash from Hexagram accounts.

In 2017, Tuanqui and several Hexagram employees were charged in a superseding indictment with conspiracy to commit health care fraud (count 1), conspiracy to violate the Medicare Anti-Kickback Statute (count 2), substantive violations of the Medicare Anti-Kickback Statute involving codefendants Susie Avellanosa (counts 3–8) and Lourdes Ladlad (count 9), and visa fraud (count 10). The other defendants pleaded guilty, while Tuanqui's case proceeded to an eight-day jury trial. Because Tuanqui's appeal challenges the sufficiency of the evidence only with respect to counts three through eight, which involved payments to cooperating codefendant Avellanosa, we focus on the record as it relates to her dealings with Avellanosa.

At trial Avellanosa testified about her arrangement with Tuanqui and Hexagram. When she began working with Tuanqui in 2012, she agreed to refer 10 to 12 patients to Hexagram each month in return for Hexagram's commitment to pay her $3,600 twice monthly. For any month that Avellanosa fell short, they agreed that she would make up the difference the next month. Avellanosa understood that the purpose of the arrangement was to compensate her $600 for each referral and "make it look like a flat rate." She did no work for Hexagram other than referring patients. During her 16 months at Hexagram, Avellanosa regularly missed her quota (though she met it once and exceeded it once). Nonetheless, twice each month, Tuanqui cut Avellanosa a check for $3,600. When Tuanqui discontinued their arrangement after 16 months, Avellanosa believed her reason was too few referrals.

Testimony was also presented by another cooperating codefendant, Josarina Buenavista, Hexagram's former health care services manager. Buenavista was familiar with Avellanosa's work for the company, and she corroborated Avellanosa's description of the latter's arrangement with Tuanqui. She also testified about her understanding of the scope of the Anti-Kickback Statute. When questioned on cross-examination by Tuanqui's counsel, Buenavista said that, as she understood it, the statute prohibited only a specific form of payment for patient referrals—"paying on a per-patient basis"—and flat-fee payments were always permissible. On redirect, Buenavista confirmed that Avellanosa was paid a flat fee but added that she still "had concerns" about the arrangement's legality. Other government witnesses testified that

they understood the Anti-Kickback Statute to prohibit paying for patient referrals, with no mention of flat versus per-patient fees.

After the government presented its case, Tuanqui moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal on all counts. The court denied the motion because it found the government's evidence sufficient to sustain convictions. The jury then convicted on all ten counts, finding, as pertinent here, each check written to Avellanosa to be an illegal kickback.

After trial, Tuanqui challenged the sufficiency of the evidence against her, moving again for a judgment of acquittal under Rule 29 on counts three through eight as well as for a new trial under Federal Rule of Criminal Procedure 33 on the other counts. The court denied both motions, concluding that a reasonable jury could find, based on Avellanosa's testimony, that Tuanqui paid her for patient referrals.

## II

On appeal, Tuanqui challenges the denial of her posttrial motion for a judgment of acquittal, renewing her argument that the government's evidence was legally insufficient on counts three through eight. But the evidence at trial, when viewed in the light most favorable to the prosecution, see *United States v. George*, 900 F.3d 405, 409 (7th Cir. 2018), was sufficient for the jury to find that that Tuanqui and Avellanosa exchanged money for patient referrals—an arrangement that qualifies as an illegal kickback. Multiple witnesses testified that Tuanqui agreed to pay Avellanosa $7,200 per month for her efforts to refer 10 to 12 patients per month. The jury also heard evidence that the only work Avellanosa did for Hexagram was referring patients, and that Tuanqui eventually fired her for referring too few patients. Tuanqui does not dispute that she made the payments in question or that Avellanosa tried to refer 10 to 12 patients per month as part of their agreement.

Tuanqui nonetheless challenges the sufficiency of the evidence on the ground that the government failed to prove that Tuanqui paid Avellanosa on a per-patient basis, as opposed to a flat fee. In her view, the government argued at trial that she compensated Avellanosa per patient, and it thus waived any argument (by failing to present it to the jury, see *United States v. Barta*, 776 F.3d 931, 939 (7th Cir. 2015)) that flat-fee payments could also be illegal kickbacks.

But Tuanqui is not doing justice to the record. The government did in fact tell the jury that Tuanqui paid Avellanosa an illegal kickback in the form of a fixed bimonthly payment. And as a matter of law, paying for patient referrals violates the Anti-Kickback Statute regardless of how the payments are structured. See 42 U.S.C. § 1320a-7b(b)(2) (prohibiting "*any remuneration* (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly …" to induce a person to refer a patient for services paid

by a federal health care program) (emphasis added); *United States v. Nagelvoort*, 856 F.3d 1117, 1122, 1126 (7th Cir. 2017) (upholding anti-kickback conviction for three defendants paid flat monthly fees); *United States v. Borrasi*, 639 F.3d 774, 781–82 (7th Cir. 2011) (finding payment in the guise of a salary an illegal kickback); *United States v. Jain*, 93 F.3d 436, 438 (8th Cir. 1996) (upholding anti-kickback conviction for defendant paid a flat monthly fee). The jury instructions, consistent with the government's trial arguments, accurately reflected the statute's prohibition on "any remuneration" regardless of the payment structure.

Finally, Tuanqui argues that she is entitled to a new trial on counts one, two, nine, and ten, because the jury's legally defective findings on counts three through eight compromised the fairness of the entire trial. We reject this argument because the evidence on counts three through eight was more than sufficient to support her conviction.

We have considered Tuanqui's other arguments, and they are without merit.

AFFIRMED